**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                               **No. 15-68**

**MIGUEL MATA, ET AL.**                                **SECTION I**

**ORDER AND REASONS**

Before the Court is a motion[1] to transfer venue filed by defendant, Paul Norris

("Norris").[2]  The government has filed an opposition.[3]  Defendant argues that a transfer of venue

is warranted pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure.[4]  While Norris's

proposed order requests a venue transfer of the entire case,[5] much of his briefing reads as though

Norris seeks a severance and transfer for only himself.  For that reason, this Court treats Norris's

motion as one for a general venue transfer for all defendants or, in the alternative, a venue

transfer as to Norris individually.  For the following reasons, the motion is **DENIED.**

**BACKGROUND**

On March 19, 2015, a grand jury sitting in the Eastern District of Louisiana returned a

one-count indictment against Norris and three other individuals charging them with conspiracy to

distribute and possession with intent to distribute five kilograms or more of cocaine

hydrochloride and one kilogram or more of heroin, in violation of 21 U.S.C. § 841 and § 846.[6]

---

[1] R. Doc. No. 98.
[2] In a status conference held on August 6, 2015, the Court ordered that any other defendant in this case could join the motion to transfer venue by advising the Court of such intention to join by August 10, 2015.  R. Doc. No. 118, at 2.  None of the co-defendants joined the motion.
[3] R. Doc. No. 116.
[4] R. Doc. No. 98, at 1.
[5] R. Doc. No. 98-4.
[6] R. Doc. Nos. 1, 32, 78.

The grand jury later returned a superseding indictment and a second superseding indictment on April 24, 2015, and June 18, 2015, respectively.[7]  The superseding indictments only charged additional defendants with the conspiracy.[8]  They did not add or alter the original charge of conspiracy.[9]  There are currently eight co-defendants in this case, including Norris.

Norris claims most if not all of his co-defendants maintain residences in Texas,[10] which the government has not disputed.  While Norris and two of his co-defendants have been released on bond, the rest of the defendants remain incarcerated in the Eastern District of Louisiana.[11]  According to the facts as represented in the government's opposition, the alleged conspiracy spanned several states, although the government concedes that Norris's alleged participation took place exclusively in Texas.[12]  The law enforcement investigation into the conspiracy was initiated in the Eastern District of Louisiana.[13]  Norris is currently represented by court-appointed counsel in the Eastern District of Louisiana, and the Assistant United States Attorney prosecuting this action is based in the Eastern District of Louisiana.[14]  A joint trial for all of the defendants in this case is set for December 14, 2015.[15]

## STANDARD OF LAW

While Norris does not dispute that venue is proper in the Eastern District of Louisiana,[16] he nonetheless argues that this case be transferred to the judicial district where he maintains his

---

[7] R. Doc. Nos. 34, 74.
[8] *See* R. Doc. Nos. 34, 74.
[9] *See* R. Doc. Nos. 34, 74.
[10] R. Doc. No. 98-1, at 2.
[11] R. Doc. No. 116, at 6.
[12] R. Doc. No. 116, at 7–8.
[13] R. Doc. No. 116, at 7.
[14] R. Doc. No. 116, at 10.
[15] R. Doc. No. 118.
[16] "Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the

residence and business, the Southern District of Texas, pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure.  "A [criminal] defendant does not have a right to be tried in his own home district; trial is proper in any federal judicial district in which venue may lie."  *United States v. Spakowski*, 32 F.3d 565, *8 (5th Cir. 1994); *see also Platt v. Minnesota Min. & Mfg. Co.*, 376 U.S. 240, 245 (1964).  However, Rule 21(b) provides that upon a defendant's motion, a court may transfer a proceeding "for the convenience of the parties, any victim, and the witnesses, and in the interests of justice."  Fed. R. Crim. P. 21(b).  The trial court is entitled to "broad discretion in ruling on motions to transfer venue."  *United States v. Nyamaharo*, 364 F. App'x 899, 900 (5th Cir. 2010) (citations omitted).

In weighing a defendant's Rule 21(b) motion to transfer, courts typically consider the following non-exclusive "*Platt* factors": (1) the location of the defendant; (2) the location of possible witnesses; (3) the location of events likely to be in issue; (4) the location of documents and records likely to be involved; (5) disruption of defendant's business; (6) the parties' expenses; (7) the location of counsel; (8) the relative accessibility of the place of trial; (9) the docket condition of each district or division involved; and (10) any other special elements that might affect the transfer.[17]

---

district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice."  Fed. R. Cr. P. 18.  Because a conspiracy is a continuing offense, it may be prosecuted in any district in which the conspiracy was "begun, continued, or completed."  See 18 U.S.C. § 3237.

[17] While this list of factors is often attributed to the U.S. Supreme Court's decision in *Platt v. Minnesota Mining and Manufacturing Co.*, it should be noted that the *Platt* Court did not actually adopt these factors as controlling.  376 U.S. at 245.  Rather, the Supreme Court merely assumed without deciding that the factors agreed upon by the parties and the lower court were valid for purposes of evaluating a Rule 21(b) motion.  *Id.* at 243–44.  Regardless, numerous lower court decisions since *Platt* have embraced these factors as properly guiding the Rule 21(b) inquiry, including decisions in the Fifth Circuit.  *See, e.g., United States v. Ubak-Offiong*, 364 F. App'x 859, 863 (5th Cir. 2010); *United States v. Diaz*, No. 98-194, 1999 WL 1201900, at *1 (E.D. La. Dec. 10, 1999) (recognizing these factors as informing the Rule 21(b) determination

While it is clear that the defendant bears the burden of proof in connection with a motion under Rule 21(b),[18] there is little Fifth Circuit case law addressing the burden the defendant must satisfy.  Indeed, defendant cites a total of two cases in his brief,[19] and the government's opposition is replete with citations to opinions from other circuits.[20]  In one case from the Eastern District of Louisiana cited by defendant, *United States v. Diaz*, Judge Sear explained:

> Although the burden is on the defendant to convince the court that transfer is appropriate, the rule does not require the defendant to show transfer is necessary for a fair trial.  *Neither is there a presumption that a criminal prosecution should be retained in the original district*.  The purpose of the rule is to provide for trial in a convenient forum.

1999 WL 1201900, at *1 (citations omitted) (emphasis added).  But as the government indicates, several courts in other circuits disagree, and recognize a presumption in favor of the government's choice of forum, so long as venue is proper.  *United States v. Quinn*, 401 F. Supp. 2d 80, 85 (D.D.C. 2005) (identifying this trend and agreeing with it) (citing *United States v. The Spy Factory, Inc.*, 951 F. Supp. 450, 464 (S.D.N.Y. 1997) (recognizing a "general presumption that 'a criminal prosecution should be retained in the original district'") (citation omitted).  As the U.S. District Court in *Quinn* interpreted Rule 21(b), "if consideration of the *Platt* factors leaves the Court in equipoise, the Court should err on the side of denying the motion to transfer." 401 F. Supp. 2d at 85.

---

and citing *Platt*, 376 U.S. 240)).  Both parties in this case also look to the *Platt* factors as controlling.  *See* R. Doc. No. 98-1, at 2; R. Doc. No. 116, at 5.  Accordingly, these factors will guide this Court's discussion.

[18] *In re U.S.*, 273 F.3d 380, 388 (3d Cir. 2001) ("[C]riminal defendant has the burden of making the case for transfer [pursuant to Rule 21(b)]."); *United States v. Diaz*, No. 98-194, 1999 WL 1201900, at *1 (E.D. La. Dec. 10, 1999) ("[T]he burden is on the defendant to convince the court that transfer is appropriate….").

[19] R. Doc. No. 98-1.

[20] R. Doc. No. 116.

While both the government[21] and defendant[22] cite case law in their briefs urging this Court to adopt or reject, respectively, the presumption in favor of the government's initial choice of venue, this Court finds it unnecessary to do so.   For the reasons set forth below, this Court concludes on the basis of the *Platt* factors alone that neither a transfer of this entire case nor a transfer as to Norris individually is warranted.  There is no need for a "tiebreaker."

## ANALYSIS

This Court analyzes each of the ten *Platt* factors in turn.

### A.  Location of Defendant

There is some confusion whether this factor requires consideration of the defendant's "location" or "residence" or both.  While the Supreme Court's *Platt* decision used the term "location," subsequent courts have used residence and location interchangeably.  *See United States v. Romans*, No. 4:11-CR-127, 2012 WL 3647849, at *1 (E.D. Tex. Aug. 7, 2012) report and recommendation adopted, 2012 WL 3647748 (E.D. Tex. Aug. 23, 2012) (calling "residence of an individual defendant" the first *Platt* factor); *United States v. Diaz*, 1999 WL 1201900, at *1 (labeling the first factor "location/residence of the defendant").

The government argues that no significance should be attributed to a defendant's residence, and there is Fifth Circuit authority to support that position.  *See United States v. Sanchez*, 508 F.2d 388, 395 (5th Cir. 1975) ("What these defendants actually wanted [to achieve via their Rule 21(b) motion] was to get the case transferred to the city where they lived and possibly had some influence.  Residence of the defendants is not a relevant factor.").  Regardless, the point is moot.  In this case, defendant's location and residence are both in the same place, namely, Houston.  Accordingly, the Southern District of Texas is certainly a more convenient

---

[21] R. Doc. No. 116, at 5.
[22] R. Doc. No. 98-1, at 2.

forum for him than the Eastern District of Louisiana.  But given the relative proximity of the two districts, this Court is skeptical that travelling the distance between them for trial would be of great inconvenience.

Furthermore, the majority of Norris's co-defendants are currently incarcerated in the Eastern District of Louisiana.[23]  The fact that some of Norris's co-defendants may maintain residences in Houston is therefore of little significance to this factor of the analysis, as they are currently located here.  *See United States v. Freeman*, No. 2:06CR20089-017, 2009 WL 2222969, at *2 (W.D. La. July 23, 2009) (finding that the location of the defendant's residence in another district did not support transfer where he was currently incarcerated in the court's district).  The co-defendants' current location weighs in favor of maintaining the current venue.

### B.  Location of Possible Witnesses

Defendant contends that the vast majority, if not all, of the potential witnesses favorable to the defendants are located in Houston and that "it is very uncertain that Mr. Norris would be able to get any of these witnesses to New Orleans…."[24]  But as the government points out,[25] defendant neither identifies specific witnesses he may call nor demonstrates why he would not be able to call them as witnesses here.  A defendant must offer specifics and not bare speculation to establish that the convenience of the witnesses and the interests of justice require a transfer.  *See United States v. Celaya-Garcia*, 583 F.2d 210, 211 (5th Cir. 1978) (affirming district court's denial of motion to transfer venue from the Eastern District of Louisiana to the Southern District of California and noting that the defendant "has relied instead on allegations of possible alibi witnesses that amount to no more than bare speculation"); *see also United States v. Noland*, 495

---

[23] R. Doc. No. 116, at 6.
[24] R. Doc. No. 98-1, at 2.
[25] R. Doc No. 116, at 6.

F.2d 529, 534 (5th Cir. 1974) (holding that where defendant failed to provide a specific witness list and a summary of anticipated testimony, he "failed to demonstrate specific facts from which the District Court could have concluded that the convenience of witnesses and the interest of justice required transfer").  Defendant has not made a showing with the requisite degree of specificity.

Furthermore, defendant's complaint that he would be unable to call witnesses in the Eastern District of Louisiana is contradicted by Rule 17(e)(1) of the Federal Rules of Criminal Procedure, which provides for nationwide service of process for subpoenas in criminal cases. Rule 17(b) further provides that the costs of having witnesses testify will be covered by the government once a defendant demonstrates an inability to pay and a need for the testimony.  Fed. R. Crim. P. 17(b).  Accordingly, this Court is not convinced that defendant would be unable to procure the unidentified witnesses' presence at trial and this factor does not weigh in favor of transfer.

### C.  Location of Events

The alleged conspiracy of which Norris is a part spanned multiple states, including Texas, Louisiana, Mississippi, Arkansas, and Tennessee.[26]  While Norris may never have physically entered Louisiana, the government alleges that the conspiracy did take place in part in this district.[27]  Furthermore, the law enforcement investigation of this case began in the Eastern District of Louisiana.[28]  Consequently, even if defendant's alleged physical participation in the conspiracy occurred exclusively in Texas, the events which will be at issue at trial do not lead this Court to conclude that this factor weighs strongly in favor of transfer.

---

[26] R. Doc. No. 116, at 7.
[27] R. Doc. No. 116, at 7.
[28] R. Doc. No. 116, at 7.

### D. Locations of Documents and Records

As acknowledged by both the defendant[29] and the government,[30] the locations of documents and records are not of vital importance in this case.  To the extent defendant asserts that relevant reports have been prepared by the Houston Police Department, this Court notes first that these reports are just as easily made available in this district as they are in the Southern District of Texas, and second that other police reports relevant to this case were prepared in the Eastern District of Louisiana and elsewhere.[31]   Accordingly, this factor, although not of great significance, does not weigh in favor of a venue transfer.

### E. Disruption of Defendant's Business

Here, again, defendant does not make a sufficient showing of disruption to his business or financial hardship to warrant a transfer.  Defendant claims that his business is "certainly important to him,"[32] but he fails to articulate a difference between standing trial in Texas as opposed to Louisiana.  Given that a trial is likely to be of great inconvenience to defendant's business irrespective of where it takes place, defendant has not made the requisite showing that a venue transfer would alleviate the difficulty.  Defendant also has not made any claims of inconvenience under this factor with respect to his co-defendants.  This Court does not find this factor to weigh in favor of transfer.

### F. Expense to the Parties

The costs associated with the defense of a defendant charged with violations of criminal law are of no small consequence no matter where it takes place.  Considering that defendant is represented by court-appointed counsel, the expenses of his defense are not likely to vary greatly

---

[29] R. Doc. No. 98-1, at 3.
[30] R. Doc. No. 116, at 8.
[31] R. Doc. No. 116, at 8.
[32] R. Doc. No. 98-1, at 3.

whether he is tried in Louisiana or Texas.  In any event, defendant's assertion that he "is a man of limited means scratching out a living" who "can ill afford the expense of a trial in Louisiana"[33] is an inadequate justification for a transfer given the expenses a transfer would impose on the government.  The multiplication of litigation that would result from a transfer of defendant's case strongly suggests that convenience and the efficient administration of justice are best served by conducting one trial for all of the defendants in this case.  To the extent defendant seeks a transfer of the entire case, this Court finds that the expense to the government of moving the incarcerated defendants, the prosecution team, and the evidence gathered here in preparation for trial would be unduly burdensome and a waste of resources.  These considerations counsel against transfer.

### G.  Location of Counsel

Defendant has been appointed counsel in the Eastern District of Louisiana, and the federal prosecutor assigned to this case is based in the Eastern District of Louisiana.[34]  Although the defendant is correct that new counsel would be appointed were this case transferred to the Southern District of Texas,[35]  this factor nevertheless weighs against transfer, as the government's prosecution team is located in this district and would be forced to travel in the event of a transfer.

### H.  Relative Accessibility of Place of Trial

Both New Orleans and Houston are accessible to defendant.  While Houston may be more accessible given that defendant resides there, the relative difference between the two cities is not great.  Accordingly, if this factor weighs in favor of transfer, it does so only weakly.

---

[33] R. Doc. No. 98-1, at 3.
[34] R. Doc. No. 116, at 10.
[35] R. Doc. No. 98-1, at 3.

## I.   Docket Conditions

Counsel for the defendant concedes that "it is common knowledge that the Eastern District of Louisiana moves swiftly, but it has no working knowledge of the speediness or tardiness of the Southern District of Texas."[36]  Defendant has not shown how this factor favors transfer.

## J.   Special Elements

An additional factor to be considered in weighing a venue transfer is the presence of co-defendants.  Several courts have recognized that when a defendant is charged with conspiracy along with other defendants, the government's interest in keeping the litigation together strongly weighs against the transfer of a single defendant.  In *United States v. Morrison*, for example, the U.S. Court of Appeals for the Seventh Circuit concluded that because the defendant seeking the venue transfer was facing conspiracy charges with five co-defendants, "to have transferred [him]—essentially granting him a severance—would have given rise to a 'multiplication of litigation' resulting in great inconvenience to the witnesses involved as well as considerable expense to the government."  946 F.2d 484, 489 (7th Cir. 1991).  Accordingly, the *Morrison* Court held that the lower court had not abused its discretion in refusing a Rule 21(b) transfer, even though the majority of the conspiracy's activities occurred in the district to which the defendant was seeking a transfer.  *Id.* at 489–90.

Similarly, in *United States v. Kopituk*, the U.S. Court of Appeals for the Eleventh Circuit recognized a "policy favoring joint trials in conspiracy cases" that weighed against transfer of venue for an individual defendant.  690 F.2d 1289, 1323 (11th Cir. 1982).  In another case,

---

[36] R. Doc. No. 98-1, at 4.

*United States v. Aronoff*, the U.S. District Court agreed, and summarized the appropriate inquiry as follows:

> In any trial joining several criminal defendants, a transfer and severance granted to one of them will result in substantial hardship and inconvenience to the Government and its witnesses. Certainly, the longer the trial lasts, the greater that hardship will be. But this rule holds true for the defendant as well. The question for the Court is whether the moving defendant has made enough of a showing of hardship to outweigh the Government's strong interest in conducting one trial at the place most convenient to itself and its witnesses.

463 F. Supp. 454, 460 (S.D.N.Y. 1978). Collectively, these cases indicate that the *Platt* factors give rise to a stronger interest in maintaining the current venue where only one of several co-defendants is seeking transfer. As this Court stated earlier, Norris's briefing on this motion largely argues that venue in the Southern District of Texas is more convenient as to Norris, devoting little attention to the convenience of his co-defendants. To the extent that Norris seeks a transfer only for himself, however, the cases outlined above indicate that he faces an uphill battle.

Here, Norris's co-defendants were given the opportunity to join Norris's motion.[37] They did not do so.[38] Under these circumstances, the *Platt* factors, which direct a court to consider the expenses and practical difficulties associated with a venue transfer, favor maintaining a single venue. To transfer Norris but not his co-defendants would increase the government's expenses as well as those of possible witnesses, many of whom would likely be required to testify in both proceedings. To transfer the entire case in light of the fact that only Norris has claimed inconvenience would be to ignore the mandate of Rule 21(b), which accords weight not just to the convenience of the moving defendant, but to the convenience of all "parties and witnesses."

---

[37] *See supra* note 2.
[38] *See supra* note 2.

**CONCLUSION**

Having considered defendant's motion under the *Platt* factors, the Court concludes that convenience and the interests of justice are best served by denying the motion and maintaining venue in the Eastern District of Louisiana.  Defendant's conclusory statements that certain of the *Platt* factors favor transfer generally lack the specificity required to carry his burden on this motion.  Accordingly,

**IT IS ORDERED** that the motion is **DENIED.**

New Orleans, Louisiana, September 17, 2015.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**