# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 15-68** |
| **PAUL NORRIS** | **SECTION I** |

## ORDER AND REASONS

Before the Court is defendant's motion[1] for release pending sentence. The government does not oppose the motion.[2] Nonetheless, after considering the evidence adduced against Paul Norris ("Norris") at trial, Norris's criminal history, and the applicable standard, the Court determines that Norris's motion should be denied.

## BACKGROUND

On June 18, 2015, Norris and seven others were charged in a single-count second superseding indictment with conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine hydrochloride and one kilogram or more of heroin.[3] Prior to trial, Norris was released on bond.[4] In January 2016, Norris proceeded to trial with one codefendant. After a four day trial involving a dozen government witnesses, the jury returned a guilty verdict as to both

---

[1] R. Doc. No. 332.
[2] R. Doc. No. 341.
[3] R. Doc. No. 74.
[4] R. Doc. No. 91.

defendants.[5] Norris then filed a motion for acquittal, a motion to arrest judgment, and a motion for a new trial. The Court denied the motions.[6]

Since the conclusion of trial, the government has initiated an investigation into certain allegations surrounding the circumstances of this case. According to the government, it is "*still learning the facts and circumstances* surrounding this and several other pending matters in the Eastern District of Louisiana."[7]

## LAW AND ANALYSIS

At the outset, the Court is baffled at the government's failure to address the statutory requirements for releasing a defendant pending sentence. Congress has significantly constrained a district court's discretion in such matters, yet the government's brief does not even bother to discuss the factors that govern the outcome of this motion. By arguing outside of the framework of 18 U.S.C. § 3143 and 18 U.S.C. § 3145, the government's statement of non-opposition is of no meaningful assistance whatsoever to the Court.

Perhaps the government's position is influenced by the factual findings of its investigation and the government suspects that Norris may be innocent. Or perhaps the government simply does not want to take the politically difficult position of suggesting that the statutory factors require Norris to be held until sentencing

---

[5] R. Doc. No. 225-3. While the jury found that the conspiracy involved five kilograms or more of cocaine hydrochloride attributable to Norris, the jury also found that the conspiracy did not involve an amount of heroin attributable to Norris. R. Doc. No. 225-3, at 5.
[6] R. Doc. No. 241.
[7] R. Doc. No. 341 (emphasis added).

...

notwithstanding potential errors by the government. Regardless, the government's complete and total failure to inform this Court as to the progress of the investigation and its views on the statutory factors governing release leaves this Court entirely in the dark. There is absolutely no excuse for that situation given that the government knows full well how to file something under seal.

Accordingly, this Court turns to the statutory factors governing a defendant's release pending sentence without the benefit of adequate briefing by the government. The Court stresses to the government that this situation cannot happen again.

**I.   18 U.S.C. § 3143**

18 U.S.C. § 3143 sets forth the standard for determining whether a defendant should be released or detained pending sentence. It states:

> (2) The judicial officer shall order that a person who has been found guilty of an offense . . . and is awaiting imposition or execution of sentence be detained unless—
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). Pursuant to this provision, either (A)(i) or A(ii) must be satisfied *and* (B) must also be satisfied before this Court can release Norris.

The government has not recommended that no sentence of imprisonment be imposed. Accordingly, Norris may only be released if (1) the Court finds that there is

a "substantial likelihood" that a motion for acquittal or new trial will be granted and (2) the Court finds by clear and convincing evidence that Norris is not likely to flee or pose a danger to any other person or the community.

First, the Court does not find that there is a substantial likelihood that a motion for acquittal or a new trial will be granted. While there is an investigation underway that could potentially affect this case, that investigation remains ongoing. This Court does not yet know whether any misconduct took place, much less whether in the absence of that alleged misconduct the jury's verdict would have been different as to Norris. The government states that "[d]epending on the results of [the] investigation there *may* be a need for post-trial motions or other relief to the parties."[8] Given its current lack of information about what, if anything, the investigation will uncover, however, the Court cannot at this time find that there is a *likelihood*—not to mention a "*substantial likelihood*"—that post-trial relief is warranted.

Second, the Court does not find by clear and convincing evidence that Norris is not likely to flee or pose a danger to any other person or the community. Norris was convicted of a felony drug offense and he is facing a mandatory minimum term of ten years imprisonment and a maximum term of life imprisonment. 21 U.S.C. § 841(b)(1)(A). Despite Norris's argument that there was insufficient evidence to convict him, during the course of a four day trial there was substantial testimony by two cooperating government witnesses, Nicanor Gonzales ("Gonzales") and Edwin

---

[8] R. Doc. No. 341, at 2 (emphasis added).

Martinez, as well as two Houston police officers, Officers Adams and De La Cruz, that supported Norris being adjudicated a member of the conspiracy. Even if Gonzales was not credible, as Norris argued in his post-trial motion for acquittal, there was other evidence that supported Norris's conviction.

While it may be true that Norris was released on bond prior to trial and that he complied with the conditions of his pretrial release, that argument is insufficient to establish by clear and convincing evidence that he should be released post-conviction. Section 3143 establishes a presumption against the granting of bail after a conviction and the fact of pretrial bond alone does not automatically overcome that presumption. *See United States v. Lopez*, 504 Fed. Appx. 297, 298 (5th Cir. 2012) (affirming denial of release on bail pending sentencing where defendants had remained free on bond prior to trial and had produced additional evidence that they were unlikely to flee); *United States v. Dailey*, No. 16-20225, 2016 WL 3018779, at *1 (5th Cir. May 25, 2016).

Given the severity of the penalty he is facing, the evidence at trial, and his criminal history,[9] the Court is unpersuaded that Norris's release is appropriate.

---

[9] The Court contacted U.S. Probation and obtained the following information regarding defendant's criminal history: In 1986, Norris pled guilty to possession of a controlled substance, namely 400 grams or more of cocaine, and he received a sentence of three years imprisonment. In 1990, Norris pled guilty to two counts of forgery/counterfeiting and he was sentenced to ten months imprisonment. In 1995, Norris was found guilty of conspiracy to counterfeit United States currency, counterfeiting United States currency, and dealing in counterfeit currency and he was sentenced to thirty-three months imprisonment.

Norris's criminal history demonstrates his inability to comply with the law.  However, even if the Court was able to conclude by clear and convincing evidence that Norris is not likely to flee or pose a danger to any other person or the community, the Court still would not release Norris because he has not satisfied his burden of showing a substantial likelihood that post-trial relief will be granted.

## II.    18 U.S.C. § 3145

Even if a defendant cannot meet the requirements of 18 U.S.C. § 3143, the Fifth Circuit has held that the defendant may still be released if "there are exceptional reasons why [his] detention would not be appropriate." *United States v. Carr*, 947 F.2d 1239, 1241 (5th Cir. 1991).  18 U.S.C. § 3145(c) provides in pertinent part:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

*See also United States v. Posada*, 109 F. Supp. 3d 911, 913 (W.D. Tex. 2015).

In short, Norris's concerns about his business and his compliance with previous court orders are not so uncommon as to place him in a special category.  The Court is not persuaded that there are "exceptional reasons" to except Norris from Section 3143's presumption of detention.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that defendant's motion is **DENIED**.

**IT IS FURTHER ORDERED** that a copy of this order be provided to the United States Attorney for the Eastern District of Louisiana.

New Orleans, Louisiana, September 20, 2016.

                                                          **LANCE M. AFRICK**
                                         **UNITED STATES DISTRICT JUDGE**